UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **PENTECOSTAL CHURCH OF DEQUINCY** : | **DOCKET NO. 2:22-CV-02782** |
| **VERSUS** : | **JUDGE JAMES D. CAIN, JR.** |
| **CHURCH MUTUAL INSURANCE CO SI** : | **MAGISTRATE JUDGE LEBLANC** |

<u>**MEMORANDUM ORDER**</u>

Before the court is a Motion for In Camera Inspection and to Compel Production of Redacted Materials Produced in Discovery [doc. 42] filed by defendant Church Mutual Insurance Company, S.I. The motion is opposed by plaintiff The Pentecostal Church of Dequincy. Doc. 48. Defendant has replied [doc. 49], making this motion ripe for resolution. For reasons set forth below, the court finds that the motion should be **DENIED**.

I.
BACKGROUND

Plaintiff filed this lawsuit against defendant alleging defendant failed to timely adjust plaintiff's claim for property damage after Hurricane Laura. Plaintiff asks for a declaratory judgment as well as damages for breach of contract and breach of the duty of good faith and fair dealing. Doc. 1.

The instant motion asks the court to conduct an *in camera* inspection of the unredacted versions of a retention agreement plaintiff signed with counsel of record and minutes from plaintiff's board meetings. Doc. 42. Defendant requests the court determine whether plaintiff must produce the unredacted documents to defendant. *Id.* The memorandum in support of the motion claims the redacted versions of these documents were produced in response to defendant's

"Seventh Set of Interrogatories and Eighth set of Requests for Production of Documents." Doc. 42, att. 1, p. 1.  Defendant asserts no attorney was present during the board meetings, so no attorney-client privilege or work-product protection can apply to any portion of the meeting minutes. *Id.* at pp. 4–5.

Plaintiff opposes the motion, first claiming defendant never served plaintiff with a "Seventh Set of Interrogatories and Eighth set of Requests for Production of Documents." Doc. 48, pp. 2–3.  Because the set of discovery requests involved is unclear, plaintiff claims the motion is deficient. *Id.* at p. 3.  Plaintiff next asserts no Rule 37 conference was held regarding the retention agreement and notes the redacted contract was not attached to the motion. *Id.* at pp. 3–4.  Plaintiff concludes these "deficiencies" warrant dismissal of the motion. *Id.* at p. 4.  Plaintiff also insists its privilege log is sufficient and the redacted portions of the meeting minutes are protected by the attorney-client privilege and the work product doctrine. *Id.* at pp. 6–8.

On reply [doc. 49], defendant does not dispute plaintiff's claim that defendant never served a "Seventh Set of Interrogatories and Eighth set of Requests for Production of Documents."  Nor does it counter plaintiff's assertion about the lack of Rule 37 conference regarding the retention agreement.  Instead, defendant insists the attorney-client privilege and work-product doctrine cannot apply to the meeting minutes because no attorney was present at the meetings and the meetings were held at the direction of the pastor, not an attorney. *Id.*

## II.
### LAW AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The discovery rules are accorded a broad and liberal treatment. *Herbert v. Lando*, 441 U.S. 153, 177, 99 S. Ct. 1635, 1649 (1979).  However, discovery has "ultimate and necessary boundaries." *Oppenheimer*

*Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507, 68 S. Ct. 385, 392 (1947)). For example, ordinarily, "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3). The court, on motion or on its own, must limit the extent of discovery otherwise allowed if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii). It is well established that a "trial court enjoys wide discretion in determining the scope and effect of discovery." *Equal Employment Opportunity Commission v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (quoting *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982)).

A party resisting discovery has the burden of proving the discovery is irrelevant or otherwise objectionable, and thus should not be permitted. *Samsung Electronics America Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 590 (N.D. Tex. 2017) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)). When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to the work product doctrine, the withholding party must (1) expressly claim the privilege or protection applies and (2) "describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A).

A. *Retention Agreement*

At the outset, the court notes the redacted retention agreement at issue was not attached to the motion. *See* attachments to doc. 42. This court's local rule 26.6 mandates, "A motion concerning a discovery dispute *must* include as an exhibit the discovery requests *and responses* or objections that are at issue." LR26.6 (emphasis added). Because the document provided in

response to the discovery request (*i.e.*, the redacted retention agreement) was not attached to the motion, the portions of the motion regarding the retention agreement are not properly before this court.

The court further notes the discovery requests themselves also were not attached to the motion; instead, two "requests for production" were included in the body of the memorandum in support. Doc. 42, att. 1, p. 1. Defendant claims these requests were part of its "Seventh Set of Interrogatories and Eighth set of Requests for Production of Documents," which plaintiff asserts (and defendant does not deny) were never propounded upon it. Doc. 48, pp. 2–3.

Additionally, it appears the parties did not meaningfully confer in accordance with Federal Rule of Civil Procedure 37(a)(1) and this court's local rule 37.1 before filing this motion. Before filing a motion to compel, the movant must, in good faith, confer or attempt to confer with the person or party failing to make the disclosure or produce the discovery in an effort to obtain the information without court action. Fed. R. Civ. P. 37(a)(1).

Plaintiff asserts no Rule 37 conference was held regarding the retention agreement. *Id.* at pp. 3–4. Defendant again does not contest this claim. In fact, one of the attorneys for defendant states in an email attached to plaintiff's opposition brief, "Regarding the contract, you are correct that it wasn't part of the Rule 37, and we can remove/withdraw that particular request—for the retention contract." Doc. 48, att. 2, p. 1. Thus, the court concludes the parties did not meaningfully confer regarding the retention agreement prior to the motion's filing. For this reason as well, the portions of the motion about the retention agreement are not properly before the court. Therefore, the motion must be denied as to the retention agreement.

### B. Meeting Minutes

As noted above, the discovery request asking for the meeting minutes was not attached to the motion, and it is unclear where the request included in the body of the memorandum in support originated. Therefore, the court is not comfortable concluding defendant complied with local rule 26.6. However, as discussed below, the portion of the motion relating to the meeting minutes is being denied on its merits, not solely on this procedural issue.

The parties agree that in response to a request for meeting minutes, plaintiff provided redacted minutes and a privilege log asserting which privilege/protection applies and briefly explaining why. Doc. 42, att. 1, pp. 2–4; doc. 48, pp. 6–7. Defendant takes issue with claiming the asserted privilege or protection, however, because plaintiff's corporate representative "testified that no attorneys attended these Board meetings," and "that if an attorney had been present, he/she would be listed in the attendee list at the top of the minutes." Doc. 42, att. 1, pp. 5, 4 (citing deposition transcript, doc. 42, att. 5, p. 5.8–31[1]). Plaintiff insists the redactions were appropriate because the attorney-client privilege and work product doctrine apply to the redacted portions, regardless of whether an attorney was at the meeting. Doc. 48, pp. 6–8.

### 1. Attorney-client privilege

Because the court exercises diversity jurisdiction over this matter, it must apply Louisiana law to determine whether the attorney-client privilege protects the sought-after information. Fed. R. Evid. 501; *Celebration Church, Inc. v. United Nat. Ins. Co.*, No. 14-1050, 2015 WL 846712, at *1 (E.D. La. Feb. 25, 2015) (citing *Conoco Inc. v. Boh Bros. Const. Co.*, 191 F.R.D. 107, 115

---

[1] In the cited portion of the deposition, the deponent did say no attorney was present at one of the meetings, but he also said attorneys have participated by phone at past meetings and he did not remember if that happened at the specific meeting being discussed in the deposition. Doc. 42, att. 5, p. 5.13–14 & 15–17. He also testified the involvement of an attorney who calls into the meeting would "most likely" be denoted at the top of the minutes, but his response was not as definitive as defendant makes out. *Id.* at p. 5.18–21.

(W.D. La. 1998)). Under Louisiana law, the attorney-client privilege protects "a confidential communication, whether oral, written, or otherwise, made for the purpose of facilitating the rendition of professional legal services to the client, as well as the perceptions, observations, and the like, of the mental, emotional, or physical condition of the client in connection with such a communication." La. Code Evid. art. 506(B). A confidential communication covered under article 506(B) need not include an attorney. In fact, a communication "[b]etween representatives of the client or between the client and a representative of the client"[2] is confidential and protected by attorney-client privilege under Louisiana law. Art 506(B)(4).

The privilege log provided by plaintiff indicates every portion of the minutes redacted due to attorney-client privilege involved plaintiff's board of directors discussing communications between at least one of the retained attorneys and the client regarding a pending case. Doc. 42, att. 1, pp. 2–4. The court finds these descriptions are sufficient for plaintiff to meet its burden to show the privilege applies.

Defendant claims the privilege log is a blanket assertion of privilege, which would be insufficient to substantiate a privilege claim. Doc. 42, att. 1, p. 5. The court disagrees. Plaintiff does not assert privilege over the entirety of the meeting minutes, and it gives reasons for each portion of the documents that is redacted. Thus, the privilege log is not a blanket assertion of privilege. Defendant's only other argument against the application of the privilege—the absence of an attorney at the meetings—does not rebut plaintiff's showing because, as previously explained, the Louisiana Code of Evidence allows attorney-client privilege to protect

---

[2] A "client" is a person, including an organization or other entity, "to whom professional legal services are rendered by a lawyer, or who consults a lawyer with a view to obtaining professional legal services from the lawyer." La. Code Evid. art. 506(A)(1). A "representative of the client" is a "person having authority to obtain professional legal services, or to act on advice so obtained, on behalf of the client," or any "other person who makes or receives a confidential communication for the purpose of effectuating legal representation for the client, while acting in the scope of employment for the client." Art. 506(A)(2).

communications between representatives of the client, even if an attorney is not present for those communications.

  2. *Work product doctrine*

  Contrary to the parties' assertions, Rule 26(b)(3) of the Federal Rules of Civil Procedure, not Louisiana law, governs the application of the work product doctrine. *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir. 1991); *Celebration Church, Inc.*, 2015 WL 846712 at *2. The work product doctrine "insulates a lawyer's research, analysis of legal theories, mental impressions, notes, and memoranda of witnesses' statements from an opposing counsel's inquiries." *Dunn*, 927 F.2d at 875 (citing *Upjohn Co. v. United States*, 449 U.S. 383, 400, 101 S. Ct. 677, 688 (1981)). The doctrine focuses solely on materials assembled and brought into being in anticipation of litigation. *Hercules Liftboat Co., L.L.C. v. Rice*, No. 6:11-cv-02111, 2012 WL 4483557, at *2 (W.D. La. Sept. 26, 2012). The party seeking the protection of the work product doctrine has the burden of proving that the documents were prepared in anticipation of litigation. *Id.* (citing *Conoco*, 191 F.R.D. at 117).

  Plaintiff's privilege log indicates every portion of the minutes redacted due to the work product doctrine involved discussion of the attorneys' litigation strategy. Doc. 42, att. 1, pp. 2–4. The court finds these descriptions are sufficient for plaintiff to meet its burden to show the doctrine applies. Defendant claims there cannot be work-product protected information in the minutes because (1) no attorney was present at the meeting [doc. 42, att. 1, p. 5] and (2) the pastor, not plaintiff's counsel, called for the meetings [doc. 49, p. 4]. The court finds these arguments unpersuasive. Just because an attorney was not at the meeting does not mean a discussion among plaintiff's board of directors regarding the attorneys' litigation strategy is no longer work product.

As defendant points out, work product may be discovered in certain situations; however, if the court orders discovery of protected work product, it *must* protect the "mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation" against disclosure. Fed. R. Civ. P. 26(b)(3)(B).  The court finds litigation strategy falls into these categories, and therefore, the redacted portions of the meeting minutes containing discussion of litigation strategy shall not be produced to defendant in unredacted form.

"The *in camera* review of documents is an extraordinary action, reserved for situations when there is no other means by which the Court can reach a decision on an issue." *TPI Cloud Hosting, Inc. v. Keller Williams Realty, Inc.*, No. 1:19-cv-0808, 2020 WL 1150695, at *3 (W.D. Tex. Mar. 9, 2020).  Because the court is satisfied plaintiff met its burden to show attorney-client privilege and the work product doctrine apply to the redacted portions of the minutes, *in camera* review is not warranted.

### III.
#### CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant's Motion for In Camera Inspection and to Compel Production of Redacted Materials Produced in Discovery [doc. 42] is **DENIED**.

**THUS DONE AND SIGNED** in chambers this 9th day of August, 2024.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**