UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **PENTECOSTAL CHURCH OF DEQUINCY** | **CASE NO. 2:22-CV-02782** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CHURCH MUTUAL INSURANCE CO S I** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the Court is an "Omnibus Motion *In Limine*" (Doc. 151) filed by Defendant Church Mutual Insurance Co. S I ("Church Mutual").

## BACKGROUND

On August 27, 2020, Hurricane Laura made landfall in Southwest Louisiana. In the original Complaint, The Pentecostal Church of DeQuincy ("TPCD") alleges that it sustained damage from the Hurricane, and that Church Mutual has underestimated the cost of repairs. The five (5) buildings considered as "Covered Property" at issue in this litigation are identified as the: (1) Sanctuary, (2) Activity Center, (3) Sunday School/Fellowship Hall, (4) Mobile Home, and (5) Pole Barn. During the relevant time period, Church Mutual provided coverage for the Covered Property.

TPCD reported its claimed loss on September 1, 2020. For a complete recitation of the facts, see the Memorandum Ruling issued on July 21, 2025.[1]

---

[1] Doc. 117.

## LAW AND ANALYSIS

Church Mutual moves the Court for an order to exclude any and all forms of evidence, argument or mention of the following:

1. Reserve amounts, rough order of magnitude amounts, or changes in those amounts;

2. Excluding testimony and evidence that communicates to the jury the policy limits of the policy issued by Church Mutual Insurance Company;

3. Premised on the "Golden Rule" or the "Conscience of the Community" with respect to any damage issue;

4. Jury verdicts, judgments, and awards rendered in other cases;

5. Consequential damages such as mental anguish, loss of enjoyment or inconvenience of Plaintiff, its clergy, the school, employees, or its members;

6. Awarding punitive damages to punish Church Mutual; and

7. The financial condition, net worth, wealth, overall profits, income, or assets of Church Mutual.

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Federal Rule of Evidence 401.

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Federal Rule of Evidence 402. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of

the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Federal Rule of Evidence 403. The Fifth Circuit instructs that "[t]he exclusion of evidence under Rule 403 should occur only sparingly[.]" *Id.*, citing *U.S. v. Pace*, 10. F.3d 1106, 1115 (5th Cir. 1993). "Relevant evidence is inherently prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403." *Id.*, citing *Pace*, 10. F.3d at 1115. The movant bears the burden of demonstrating that the evidence is inadmissible on any relevant ground. *Zenone v. Home Depot USA, Inc.*, 2023 WL 5120929, at *1 (W.D. La. Aug. 9, 2023).

*Reserve and rough order of magnitude amounts*

Church Mutual argues that evidence of reserve and rough order of magnitude ("ROM") amounts are irrelevant because the Policy only covers an insured loss and reserves do not equate to the amount of the loss. Thus, Church Mutual contends that this evidence would only be prejudicial.

TPCD remarks that despite the split among the Louisiana Federal District courts regarding reserve amount, this Court has found that "loss reserve information and/or documentation may be relevant to a plaintiff's bad faith claim." *Charles Town Properties of Louisiana LLC v. Certain Underwriters at Lloyds London, et al*, 2:22-148, 2023 WL 5669118, (W.D. La. July 26, 2023) citing *Langley v. Allied Trust Ins. Co.*, 2022 WL 2818966 at *2 (W.D. La. July 19, 2022) (Cain, J.). See also *Hunter v. GEICO Gen. Ins. Co.*, 2018 WL 4352823, at *16-17 (E.D. La. Sept. 12, 2018) *eQHealth AdviseWell, Inc. v. Homeland Ins. Co. of New York*, 2022 WL 16827610 at *2 (W.D. La. Oct. 18, 2022)

(reserve information is relevant to an insured's bad faith claim). As such, Church Mutual's request to exclude evidence of reserves and ROMs will be denied.

*Testimony and evidence that communicates to the jury the policy limits of the policy issued by Church Mutual Insurance Company*

Church Mutual suggests that Federal Rule of Evidence 401 rejects the admission of policy limits as irrelevant. Church Mutual cites Judge Brown as having excluded evidence of policy limits. *Logan v. Westfield Ins. Co.*, 2020 WL 412257 (W.D. La. 01/24/2020). The Court notes that in that opinion, there was no opposition and no analysis by Judge Brown. The Court at this juncture is not persuaded that the policy limits are relevant; the issues in this case are Plaintiff's damages as a result of the hurricane, not the policy limits. However, Church Mutual's motion to exclude the policy limits will be deferred until the trial and the Court will rule on the issue of policy limits should either party convince the Court that this evidence is relevant.

*Evidence premised on the "Golden Rule" or the "Conscience of the Community" with respect to any damage issue*

Church Mutual argues that any mention or arguments that would request a jury to place themselves in the Plaintiff's position when considering damages would potentially cause a jury to decide damages based on emotion rather than relying on evidence presented at trial, citing *Stokes v. Delcambre*, 710 F.2d 1120, 1128 (5th Cir. 1983). TPCD contends that this type of evidence is admissible if to determine the reasonableness of the parties' actions. *Stokes*, 710 F.2d at 1128.

However, Church Mutual expressly limited its request to exclude "when considering damages."[2] The Court agrees with Church Mutual that this type of evidence is inappropriate when considering damages. The Court will grant Church Mutual's request to exclude this evidence when considering damages.

*Jury verdicts, judgments, and awards rendered in other cases*

Church Mutual argues that jury verdicts, judgments and awards rendered in other cases is irrelevant to this matter and should be excluded. TPCD informs the Court that it does not intend to introduce any evidence of this type. Be that as it may, the Court finds that judgments and awards rendered in other cases is irrelevant and thus Church Mutual's request for exclusion will be granted.

*Consequential damages such as mental anguish, loss of enjoyment or inconvenience of Plaintiff, its clergy, the school, employees, or its members*

Church Mutual moves to exclude any evidence of mental anguish, loss of enjoyment or inconvenience of Plaintiff, its clergy, the school, employees, or its members because TPCD is a nonprofit religious corporation that is incapable of experiencing human emotions citing *Frank C. Minvielle, LLC v. IMC Global Opers. Inc.*, 2022 WL 2398992, at *2 (W.D. La. July 1, 2022). Church Mutual argues that to the extent that such evidence may have some relevance, the limited probative value of this evidence is substantially outweighed by the risk of unfair prejudice, confusing or misleading the jury and a waste of time.

---

[2] Doc. 151-1, p.7.

The Court will not exclude any evidence that supports Plaintiff's bad faith claim. However, the Court finds that it is premature to rule on this issue without the context in which the evidence will be offered. As such, the motion will be denied and deferred until the trial of this matter.

*Any reference to punitive damages*

Church Mutual next asks that the Court forbid any evidence, argument or reference asking that the jury "awarding punitive damages to punish" Church Mutual. Here, TPCD is seeking damages under two Louisiana statutes that permit punitive damages based on an insurer's bad faith conduct. Accordingly, the motion is **DENIED** in this regard.

*Any evidence of the financial condition, net worth, wealth, overall profits, income, or assets of Church Mutual*

Church Mutual argues that this type of evidence or argument should be excluded as irrelevant and/or its limited probative value is substantially outweighed by the danger of unfair prejudice, undue delay, confusion of the issues, and that it would mislead the jury or is a waste of time. Church Mutual requests that the Court exclude this evidence pursuant to Rule 401 or alternatively Rule 403 of the Federal Rules of Evidence.

TPCD does not oppose Church Mutual's motion in this regard. The Court will grant Church Mutual's motion as to this type of evidence.

## CONCLUSION

For the reasons explained herein,

**IT IS ORDERED** that Church Mutual's Omnibus Motion *In Limine* (Doc. 151) is **GRANTED** to the extent that the following evidence, mention, or argument will be excluded at the trial of this matter:

- *Jury verdicts, judgments, and awards rendered in other cases*

- *Any evidence of the financial condition, net worth, wealth, overall profits, income, or assets of Church Mutual*

- *Evidence premised on the "Golden Rule" or the "Conscience of the Community" with respect to any damage issue*

**IT IS ORDERED** that Church Mutual's Motion is **DENIED** as to:

- *evidence of reserves and ROMs*

- *evidence of punitive damages*

**IT IS ORDERED** that Church Mutual's Motion is **DENIED** and **DEFERRED** until the trial of this matter as stated herein with regard to:

- *Testimony and evidence that communicates to the jury the policy limits of the policy issued by Church Mutual*

- *Consequential damages such as mental anguish, loss of enjoyment or inconvenience of Plaintiff, its clergy, the school, employees, or its members*

**THUS DONE AND SIGNED** in chambers on this 4th day of February, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**