UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **PENTECOSTAL CHURCH OF DEQUINCY** | **CASE NO. 2:22-CV-02782** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CHURCH MUTUAL INSURANCE CO S I** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the Court is "The Pentecostal Church of DeQuincy's *Omnibus* Motion in Limine" (154) wherein The Pentecostal Church of Dequincy ("TPCD") moves to exclude a list of evidence at the trial of this matter.

## BACKGROUND

On August 27, 2020, Hurricane Laura made landfall in Southwest Louisiana. In the original Complaint, The Pentecostal Church of DeQuincy ("TPCD") alleges that it sustained damage from the Hurricane, and that Church Mutual has underestimated the cost of repairs. The five (5) buildings considered as "Covered Property" at issue in this litigation are identified as the: (1) Sanctuary, (2) Activity Center, (3) Sunday School/Fellowship Hall, (4) Mobile Home, and (5) Pole Barn. During the relevant time period, Church Mutual provided coverage for the Covered Property.

TPCD reported its claimed loss on September 1, 2020. For a complete recitation of the facts, see the Memorandum Ruling issued on July 21, 2025.[1]

---
[1] Doc. 117.

## **LAW AND ANALYSIS**

First, TPCD moves, in general, that Church Mutual be instructed to not mention or bring before the jury, either directly or indirectly, upon voir dire, reading the pleadings, statement of the case, interrogation of witnesses, argument, or objection before the jury, or in any other matter or means inform the jury or bring to the jury's attention certain matters. Specifically, TPCD ask that the matters be ruled on prior to the start of trial or in the alternative, unless and until such matters have first been called to the Court's attention out of the presence of the jury and a favorable ruling received as to the admissibility and relevance of such matters, and that they not be allowed to be presented/published to the jury. TPCD further requests the Court to order, if counsel for Church Mutual wishes to propose a theory of admissibility concerning these matters that counsel for Church Mutual first request a ruling from the Court outside the presence and hearing of all prospective and selected jurors in this case unless the Court has already ruled Pre-Trial on the issue. With all due respect to counsel, the undersigned has a vast amount of experience concerning evidentiary matters, courtroom decorum and how to preside over a jury trial. Accordingly, TPCD's request will be denied.

Next, TPCD requests that Church Mutual be specifically instructed to inform and counsel with all witnesses called by Church Mutual, or parties in the courtroom at the request of Church Mutual, not to volunteer, inject, disclose, state, or mention to the jury any of the matters set forth in the paragraphs below until specifically questioned thereon

after a prior ruling by the Court. Again, with all due respect, the undersigned is quite capable of presiding over this jury trial. TPCD's request will be denied.

Additionally, TPCD askes the Court to order that a violation of any or all of these instructions would constitute harm to TPCD, depriving TPCD of a fair and impartial trial. TPCD also requests that the Court instruct CHURCH MUTUAL's counsel that failure to abide by the Court's order in this regard may constitute contempt of court or result in a mistrial. TPCD's request will be denied.

TPCD also moves to exclude from the trial of this matter the following:

1. Any reference that this lawsuit or case will increase insurance premiums;

2. Mention, Statement or Comment related to motivation of attorneys and consultants for TPCD;

3. Reference to fees and costs paid to TPCD's counsel;

4. Reference to discovery disputes or allegations regarding TPCD attorney's failure to comply with Court orders or deadlines;

5. Exclusion of reputation or character evidence of TPCD and its representatives;

6. Any document evidencing work product or draft expert reports, which were inadvertently or mistakenly produced in discovery;

7. If CHURCH MUTUAL switches corporate representatives at trial, the new representative should be limited to the prior testimony and the prior deposition able to used for impeachment;

8. CHURCH MUTUAL cannot mention, state, infer or use any terms referencing "made up numbers" or "inflated" numbers when referring to TPCD's evaluation of the claim;

9. The Sabine Bank records and documents contained within the Sabine Bank Files should be excluded from trial;

    10. CHURCH MUTUAL should be precluded from presenting TPCD's pre-loss vision and plans for its Church campus to the jury;

    11. CHURCH MUTUAL should not be able to refer to any settlement demands, offers, or negotiations between the parties at trial;

    12. Drafts of bids and estimates prepared by TPCD consultants never presented to CHURCH MUTUAL as part of the claim or until litigation commended should be excluded;

    The purpose of a motion in limine is to prohibit opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the juror's minds. *Babin v. Plaquemines Parish*, 421 F.Supp.3d 391, 395 (E.D. La. 10/25/2019).

    As to items 1, 2, 3, 4, and 5 Church Mutual informs the Court that it has no intention of broaching any of these subjects. The Court will take counsel for Church Mutual at his word and finds that no ruling is necessary at this time. The Court will deny and defer ruling, as to items 1, 2, 3, 4, and 5.

    As to item 6, Church Mutual indicates that the issue of privileged documents will be addressed in another motion before the Magistrate Judge.[2] The Court will deny and defer ruling on this issue as it is premature at this juncture. Should there be an issue at trial, the Court will address it at that time if and when a proper objection is made and/or it is not resolved by the Magistrate Judge.

---

[2] Docs. 164 and 168.

Item 7 requests that Church Mutual's new corporate representative be limited to the prior Corporate Representative's testimony. It appears that Church Mutual informed TPCD on July 17, 2025, that Mr. Richard Moore will replace Mrs. Lynn Renlund, as its corporate representative due to her retirement. Church Mutual informs the Court that it will make Mr. Moore available to TPCD for a deposition. As such, TPCD's request will be denied.

Item 8 involves a request by TPCD that Church Mutual should not be allowed to mention, state, infer or use any terms that reference "made up numbers" or "inflated" numbers when discussing TPCD's evaluation of its claim. TPCD argues that the use of these terms would confuse and mislead the jury, noting that this Court has dismissed Church Mutual's fraud claims.

Church Mutual provides the Court with a detailed account for each of the five (5) structures/buildings and TPCD's changes in estimates starting in November 25, 2020 (total $1,801,679.93), until the last estimate dated June 25, 2024 (total $4,731,604.02). Church Mutual notes that the Sanctuary and Sunday School were demolished in March-April of 2021. It appears that Church Mutual is challenging the substantial increase in TPCD's estimates both pre-demolition and post-demolition. Church Mutual remarks that based on TPCD's increased estimates, the insured structures continued to suffer additional damage from Laura in 2021, in 2022, in 2023, and in 2024, even after two of these buildings were demolished.

Church Mutual informs the Court that it will not use the term "fraud" during the trial, but objects to TPCD's restraints on verbiage. The Court agrees with Church Mutual.

Church Mutual's defense and counterclaim is based on its allegations that TPCD has inflated its evaluation of the Hurricane Laura loss, and thus there is a dispute as to TPCD's damages. This Court will not micro-manage counsels' use of verbiage or limit counsels' ability to try or defend their clients at trial. The Court finds no just cause to issue an order that would instruct and limit Church Mutual's use of these particular adjectives at trial. The motion to exclude as to item 8 will be denied.

TPCD moves to exclude all Sabine Bank records in item 9 because they are irrelevant, prejudicial, and will confuse the jury. TPCD informs the Court that two Sabine Bank employees who were deposed (Lauren O'Neal and Stacey Alford) "acknowledged that TPCD's loan originated in the bank's usual fashion, and that TPCD provided all requested information and no documents were withheld related to its evaluation of credit determination."[3] TPCD also notes that Sabine Bank found that the loan to TPCD was backed by appropriate financial statements.

Additionally, TPCD moves to exclude two (2) letters Sabine Bank produced that were signed by a former attorney, Ms. Jennifer Perez. In the first letter, dated January 19, 2022, Ms. Perez appears to inform Ms. O'Neal of Sabine Bank that the parties were anticipating an informal mediation within the next two months.[4] The second letter authored by Ms. Perez to Ms. O'Neal informs her that "an additional approximate $2,000,000.00 be allocated for the loss by Church Mutual, with tender after the informal mediation."[5]

---

[3] Plaintiff's exhibit 10, Stacey Alford deposition, pp. 112:3-113:8, 188:4-189:9.
[4] Plaintiff's exhibit 12, p. 1.
[5] *Id.* p. 2.

TPCD argues that both letters are prohibited by Federal Rule of Evidence 408 because they were in conjunction with anticipated mediation. Rule 408 provides, in pertinent part, the following:

> **(a) Prohibit Uses.** Evidence of the following is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
>
> **(1)** Furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim; and
>
> **(2)** Conduct or a statement made during compromise negotiations about the claim....

TPCD argues that counsel's settlement thoughts presented to Sabine Bank should be excluded, noting that there is a policy to strongly protect settlement communications on thoughts of potential settlement by counsel, despite the fact that these communications were to a non-party (Sabine Bank).  TPCD maintains that the letters are highly prejudicial, will confuse the jury, and any probative value to Church Mutual is outweighed.

Church Mutual argues that these letters are to a non-party, thus, Rule 408 is inapplicable. Sabine Bank also completed appraisals of the property, pre-demolition and post-construction, that evidence the value of the structures prior to Laura and as built. Additionally, some of the Sabine Bank records were for repairs of the TPCD structures in this claim. Church Mutual requests that it not be foreclosed on using these documents at trial and/or that the Court address each of these documents as the trial proceeds.

The Court will deny and defer ruling on item 9 until the trial and address the documents after allowing Church Mutual to lay a proper foundation.

In item 10, TPCD moves to exclude as irrelevant its pre-loss vision and plans because they were made prior to Hurricane Laura and Church Mutual's claim of fraud has been dismissed. TCPD argues that its pre-Hurricane Laura plans are irrelevant to Church Mutual's handling of the claim and the cost to repair and replace TCPD's structures. TPCD remarks that Church Mutual's 30(b)(6) representative, Lynn Renlund, testified at her deposition that TPCD's capital campaign, which began years before the Hurricane were immaterial and irrelevant with regard to estimating TPCD's Hurricane loss.[6] TPCD argues that this evidence would cause confusion and prejudice to it that outweighs any probative value to Church Mutual.

Church Mutual argues that the evidence is relevant because TPCD had pre-loss plans to demolish the Sunday School,[7] and TPCD's pre-loss plans impacted its Hurricane Laura claim. The Court agrees that these pre-Hurricane plans should not be considered in calculating TPCD's loss as a result of Hurricane Laura. However, considering Church Mutual's defense and counterclaim that TPCD over inflated its claim to complete is pre-Hurricane vision and building plan, some of this information could be relevant to this lawsuit. However, the Court would prefer to wait until Church Mutual has laid a proper foundation as to this type of evidence and determine the context in which it is being offered. As such, the Court will deny and defer ruling on item 10 of TPCD's motion.

---

[6] Plaintiff's exhibit 9, Lynn Renlund deposition, pp. 54:25 – 56:3.
[7] Defendant's exhibit 5, Inman 0281.

In item 11, TPCD maintains that any settlement demands, offers, or negotiations between the parties should be excluded. Church Mutual agrees that this type of evidence is inadmissible. As such, the Court will grant TPCD's motion to exclude any settlement demands, offers, or negotiations between the parties.

Finally, concerning item 12, TPCD moves to exclude what it refers to as "drafts" of bids and estimates prepared by TPCD's building consultants that were not presented to Church Mutual as part of the claim. Specifically, TPCD refers to estimates from Xact Inventory, TEI, and Two Feathers. TPCD remarks that these particular estimates were produced to Church Mutual during discovery, and well after TPCD submitted its claim. Therefore, TPCD argues that they are irrelevant to TPCD's bad faith handling of the claim and such would confuse the jury.

Church Mutual informs the Court that the estimates are not drafts but are estimates of the damage to the five (5) buildings/structures. Church Mutual argues that it should not be prohibited from attacking TPCD's valuations/estimates that it submitted with its claim by showing the jury TPCD's initial estimates for Hurricane Laura. Church Mutual notes that TPCD hired TEI as its public adjuster on September 16, 2020 and that all of the reports that TPCD complains about were prepared by TEI or its agents "to assist in the preparation, presentation and adjustment od the claim for loss or damage."[8] Church Mutual remarks that these reports came from or through TEI, TPCD's public adjuster, who will be proffered

---

[8] Defendant's exhibit 7, TEI Contract, Tremaine018176; it appears that some of these "reports" or "drafts" were provided to Church Mutual pre-litigation. See Defendant's exhibit 8.
.

as TPCD's expert in this matter. The Court agrees with Church Mutual that this evidence is relevant to its claims that TPCD inflated its evaluation of the Hurricane loss.

## CONCLUSION

For the reasons explained herein,

**IT IS ORDERED** that The Pentecostal Church of DeQuincy's *Omnibus* Motion in Limine (154) is **GRANTED** to the extent that any mention, argument or evidence of settlement demands or offer are excluded; otherwise, the Motion is **DENIED** as specifically noted hereinabove.

**THUS DONE AND SIGNED** in chambers on this 4th day of February, 2026.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**