UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **PENTECOSTAL CHURCH OF DEQUINCY** | **CASE NO. 2:22-CV-02782** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CHURCH MUTUAL INSURANCE CO S I** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the Court is a "Motion in Limine" (Doc. 159) filed by Church Mutual Insurance Company ("Church Mutual") wherein Church Mutual moves to prohibit The Pentecostal Church of DeQuincy ("TPCD") from submitting any estimate of damage, opinion or scope of damages that does not use a price list "at the time of the loss."

## BACKGROUND

On August 27, 2020, Hurricane Laura made landfall in Southwest Louisiana. In the original Complaint, The Pentecostal Church of DeQuincy ("TPCD") alleges that it sustained damage from the Hurricane, and that Church Mutual has underestimated the cost of repairs. The five (5) buildings considered as "Covered Property" at issue in this litigation are identified as the: (1) Sanctuary, (2) Activity Center, (3) Sunday School/Fellowship Hall, (4) Mobile Home, and (5) Pole Barn. During the relevant time period, Church Mutual provided coverage for the Covered Property.

TPCD reported its claimed loss on September 1, 2020. For a complete recitation of the facts, see the Memorandum Ruling issued on July 21, 2025.[1]

## LAW AND ANALYSIS

Church Mutual asserts that the estimates TPCD will rely on at trial prepared by Chris Tremaine of Tremaine Enterprises Inc. ("TEI") relied on pricing date generated after the date of the loss instead od at the time of the loss. Specifically, TEI prepared estimates dated June 18, 2021, May 3, 2022, and June 25, 2024; these estimates were based on price lists from October 2020, June 2021, and May 2022. As noted by Counsel, the Hurricane loss at issue here occurred on August 27, 2020, and in *First Baptists Church of Iowa v. Church Mutual Ins. Co.*, 105 F.4th 775, 788-89 (5 th Cir. 2024), the Fifth Circuit held that the appropriate price list based on similar policy language as the subject policy, requires that the appropriate price list to estimate damages, is the price list on the date of the loss- August 27, 2020.

Additionally, Church Mutual contends that the estimate/bid by Robin D'Aunoy of Husky Estimating, Inc. and his opinions were generated from a May 20, 2021, Walker Hurricane Damage Investigation Report, a June 25, 2024, report by Ravi Mullapudi, and a June 4, 2024, United Building Sciences deposition, as well as a scope of work from TEI dated June 25, 2024. Church mutual contends that there is no indication that a "date of loss" price list was used to reflect the values stated therein. As such, Church Mutual moves to exclude from evidence any evidence that does not comport with the policy language.

---

[1] Doc. 117.

AS to scope of work, TPCD maintains that TEI was involved in inspecting the scope of work jointly with CM's inspectors on September 30, and October 1, 2020. Subsequently, TPCD retained Dr. Mullapudi to evaluate the storm related damage. Dr. Mullapudi made inspections in March of 2021, when allegedly only mitigation measures had been performed. Thus, TPCD argues that these inspections are tethered to "time of loss" conditions.

TPCD asserts that Church Mutual hired UBS and nine people to inspect and evaluate the scope of damages and an Xactimate estimate ("Scope and Cost Reports") was made using September 2020 price list because that was when it commenced its inspections.

TPCD informs the Court that once it retained counsel, Keither Meranto assisted counsel for TPCD to produce fixed-price bids based upon scopes of damage developed by TEI and Dr. Mullapudi. After litigation was initiated, TPCD then retained Mr. D'Aunoy for another bid which is based on TEI's scope of damages. TPCD then states that D'Aunoy's bid reflected "the rebuild costs utilizing August 2020 pricing and thus is in compliance with *First Baptist Church of Iowa v. Church Mutual Insurance Company*, 105 F.4th 775 (June 26, 2024).[2]

TPCD asserts that Joe Taylor, of Xact Inventory used Xactimate based on an October 2020 price list because that is when he opened his Xactimate program after his inspection. TPCD suggests that this estimate was not a final evaluation, but a preliminary estimate.

---

[2] Mr. D'Aunoy'r fixed-price bid is a non-issue as the Court has excluded his bid because it is unreliable.

TCPD asserts that Meranto testified that "Skye [Fantaci] had Meranto prepare some budgets for costs to build back at today's market," which became the basis for TPCD's written Proof of Loss presented to Church Mutual on July 15, 2022.

TPCD also contends that even if the pricing should be utilized at the time of loss, it has a claim for consequential (actual) damages under18 § 22:1973 for the increased cost of repairs. As such, TPCD argues that Church Mutual's Motion should be denied.

Church Mutual argues that § 22:1973 penalties are not used to allow a plaintiff to alter clear contractual language controlling the pricing being used and thus, any evidence of pricing other than at the time of loss is irrelevant and inadmissible. Additionally, Church Mutual contends that "fixed-priced bids" are not exempt from utilizing pricing at the time of the loss.

The Court finds that it is premature to rule on the issue of § 22:1973 penalties and will deny and defer ruling on this issue until the trial of this matter.

## CONCLUSION

For the reasons explained herein,

**IT IS ORDERED** that the Motion in Limine" (Doc. 159) filed by Church Mutual is **DENIED** and **DEFERRED** until the trial of this matter.

**THUS DONE AND SIGNED** in chambers on this 4th day of February, 2026.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**